```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```

| | |
|---|---|
| ROBERT COX,                              ) | |
|           Plaintiff,                     ) | |
| vs.                                      ) | |
| SHELBY STATE COMMUNITY COLLEGE,          ) | No. 00-2027-DV |
| STATE OF TENNESSEE, TENNESSEE            ) | |
| BOARD OF REGENTS, FLOYD AMMAN,           ) | |
| individually and in his                  ) | |
| official capacity,                       ) | |
|           Defendants.                    ) | |

```
                   REPORT AND RECOMMENDATION
            ON PLAINTIFF'S REQUEST FOR ATTORNEY FEES
```

Before the court is the September 9, 2006 motion of the plaintiff, Robert Cox, pursuant to 42 U.S.C. § 2000e-5(k) as the prevailing party in a Title VII action, for attorney fees and costs arising out of the appeal of this case to the Sixth Circuit Court of Appeals. This matter was referred to the United States Magistrate Judge for a report and recommendation.

Cox requests an award of attorney fees incurred in appealing this case in the amount of $63,240.00, for 372.0 hours at $170.00 per hour. Cox also requests an award of costs and expenses in the amount of $2,838.84. The defendants, Shelby State Community College, the State of Tennessee, and the Tennessee Board of Regents (collectively the "defendants"), contend that 372.0 hours is excessive and that reasonable attorney fees in this case should

only come to $31,620.00, or 186.0 hours at $170.00 per hour. The defendants do not object to an award of $2,838.84 in costs.

ANALYSIS

Title VII allows a court the discretion to award reasonable attorney fees to the prevailing party. 42 U.S.C. § 2000e-5(k) (the fee-shifting statute states that "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . as part of the costs."). A "reasonable fee" is adequate to attract competent counsel, but should not provide a windfall to attorneys. *Blum v. Stenson*, 465 U.S. 886, 897 (1984).

Fee awards first and foremost must be reasonable. *Blanchard v. Bergeron*, 489 U.S. 87, 96 (1989). In deciding what is a reasonable fee, the starting point is the determination of the "lodestar" amount, which is the number of reasonable hours expended multiplied by a reasonable hourly rate for legal services. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Blanchard*, 489 U.S. at 96 ("Fee awards are to be reasonable, reasonable as to billing rates and reasonable as to the number of hours . . . .").[1] The party seeking the attorney fees award bears the burden of documenting the entitlement to such an award. *Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999); *Johnson v. Ga. Highway Express*, 488

---

[1] The Supreme Court laid out the general standards to follow in making awards of attorney fees under any federal statutes authorizing such awards to a "prevailing party." *Hensley*, 461 U.S. at 433 n.7. Thus, precedent involving attorney fees for such awards are followed regardless if the precedent involves Title VII or other federal statutes. *See Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir. 2005).

F.2d 714, 720 (5th Cir. 1974). Accordingly, the party seeking the award should offer evidence to support the hours and rates claimed. *Hensley*, 461 U.S. at 433.

Prior to *Hensley*, the Fifth Circuit set forth twelve factors to use in analyzing the reasonableness of an award: (1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of alternative employment opportunities; (5) customary rates; (6) whether the fee was fixed or contingent; (7) time constraints imposed by client and circumstances; (8) amount of relief requested and amount granted; (9) counsel's experience or reputation; (10) undesirability of the case; (11) nature and length of professional relationship; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717—19, *abrogated by Blanchard*, 489 U.S. 87. Neither *Hensley* nor *Blanchard*, however, supplanted these factors; rather, these factors are implicitly assessed when considering the reasonableness of the expended hours and the hourly rate, and are also relevant to adjusting the lodestar amount. *See Blanchard*, 489 U.S. at 93—94 ("*Johnson*'s 'list of 12' thus provides a useful catalog of the many factors to be considered in assessing the reasonableness of an award of attorney's fees . . . ."); *Hensley*, 461 U.S. at 434 ("[O]ther considerations . . . may lead the district court to adjust the fee upward or downward . . . .").

A.  Reasonable Hourly Rate

The defendants do not object to the requested hourly rate of $170.00. This court finds that such rate is reasonable in light of

the prevailing market rate in the Memphis area.

B.   The Number of Hours Reasonably Expended

The court should exclude from its calculation hours that were not "reasonably expended," i.e. that they are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434; *Northcross v. Bd. of Educ. of Memphis City Sch.*, 611 F.2d 624, 636 (6th Cir. 1979); *see also, e.g.*, *Singer v. Mahoning Bd. of Mental Retardation*, 519 F.2d 748 (6th Cir. 1975) (finding a total of forty hours charged by five attorneys not reasonably necessary). The party seeking an award of attorney fees has the burden of demonstrating the reasonableness of hours by providing a detailed documentation of the hours, and the opposing party has the burden of producing evidence against this reasonableness. *See Blum*, 465 U.S. at 897; *Hensley*, 461 U.S. at 433, 437 & n.12.

The defendants claim that the amount of time Cox's attorney spent on certain tasks is excessive. (Defs.' Resp. Pl.'s Mot. Atty' Fees & Costs 3—4.)  In particular, the defendants highlight three time entries that they contend are excessive. First, the defendants contend that Cox's attorney's expenditure of 15 hours on April 25, 2006, for "travel time & arrival in Cincinnati/preparation of oral argument" should be no more than 7.5 hours because "Plaintiff's attorney flew to Cincinnati."  (Defs.' Resp. 4.)  Second, the defendants contend that the expenditure of 10 hours on April 26, 2006, for "oral argument/travel time" should be no more than 5 hours, also because "Plaintiff's attorney flew to Cincinnati."

(Defs.' Resp. 4.)  Finally, the defendants contend that the expenditure of 9 hours between September 1 and September 9, 2006, for "review of receipts and costs" should be decreased to no more than 2 hours.  (Defs.' Resp. 4.)

It is not clear to this court that Cox's attorney flew to Cincinnati for oral argument as the defendants assert.  The detailed costs and expenses report does not itemize a plane ticket, though there are car rental and airport parking charges.  (Mot. Att'y Fees & Costs Ex. B.)  This court finds that if Cox's attorney drove to Cincinnati, then the time claimed by Cox for his attorney to travel to and from Cincinnati is not excessive.  Moreover, because the attorney did not charge for airfare, the cost for the travel time charged by Cox's attorney approximates the cost of airfare.  This court further finds that the defendants' objections to the 9 hours for time spent on September 1 through September 9, 2006 for review and receipt of costs is misplaced.  It appears to this court that the 9 hours were spent between August 28 and September 6 preparing the present motion for attorney fees and costs, as well as reviewing receipts.

In addition to the three time entries to which the defendants specifically object, the defendants also generally object to the reasonableness of the claim that Cox's attorney spent 372 hours on the appeal of this case.  Defendants assert, without objecting to any other specific time entries, that 186 hours is a more reasonable amount of time to have spent on the appeal of this case.  Cox

submitted an adequate, detailed documentation of his attorney's hours. This court finds that the defendants did not meet their burden of producing evidence against the reasonableness of the 372 hours. Without any specific evidence, this court has no basis to recommend a reduction in the hours. This was a four-day jury trial. There were numerous exhibits entered as well as post-trial motions. Cox's attorney appears to be a solo practitioner. Further, the defendants initiated the appeal, and Cox prevailed on appeal. It is difficult for this court to say in the abstract that the time spent by Cox's attorney on the appeal was excessive. Accordingly, this court does not recommend a reduction of the number of hours claimed by Cox.

## CONCLUSION

For the reasons stated, it is therefore submitted that a reasonable award of attorney fees is $63,240.00, and a reasonable award for expenses and costs is $2,838.84. Accordingly, it is recommended that Cox be awarded a total of $66,078.84 in attorney fees, expenses, and costs.

IT IS SO ORDERED.

Dated:   October 27, 2006                        s/ Diane K. Vescovo
                                                UNITED STATES MAGISTRATE JUDGE